UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY KELLY,<br><br>    Plaintiff/Judgment Creditor,<br><br>v.<br><br>RANDALL MARK HICKMAN,<br><br>    Defendant/Judgment Debtor. | Case No.: 21cv1226-BEN-MDD<br><br>**REPORT AND RECOMMENDATION ON MOTION FOR ASSIGNMENT ORDER AND FOR ORDER RESTRAINING JUDGMENT DEBTOR**<br><br>[ECF No. 4] |

  This Report and Recommendation is submitted to United States District Judge Roger T. Benitez pursuant to Local Civil Rule 69.1(e) of the United States District Court for the Southern District of California.  Civ. L.R. 69.1(e) (stating that all motions concerning execution of a judgment, except motions for Judgment Debtor examinations, "must be made to the assigned district judge, unless the motion relates to the post-judgment discovery").

  Plaintiff/Judgment Creditor Gregory Kelly's ("Plaintiff") moves the Court to enforce a 2017 judgment through an assignment of rights and for an order restraining Defendant/Judgment Debtor Randall Mark Hickman ("Defendant") from spending his 2020 state and federal tax refunds, and his

1

2021 Covid-19 stimulus and 2021 Golden State Stimulus checks.  (ECF No. 4).  Defendant has not filed a response in opposition, and any opposition would now be untimely.  (*See* ECF Nos. 7, 9).  For the reasons stated herein, the Court **RECOMMENDS** Plaintiff's motion be **GRANTED IN PART AND DENIED IN PART**.

## I.    RELEVANT BACKGROUND

Plaintiff filed a complaint in the United States District Court for the Southern District of New York on April 3, 2017, alleging that Defendant breached a contract between the parties.  (ECF No. 4, Exhibit A).  Despite proper service of the summons and complaint, Defendant did not appear and did not answer the complaint.  (*Id.*).  District Judge Gregory H. Woods held a hearing on July 21, 2017, and ordered that Plaintiff have judgment against Defendant in the total amount of $150,458.00.  (*Id.*).

On September 6, 2017, the United States District Court for the District of Nevada found further sums accrued since the entry of judgment in the amount of $3,238.93.  (*Id.*).  The Court also found that Defendant paid $120,000.00, leaving a balance of $33,698.06.  (*Id.*).  On April 26, 2021, Plaintiff filed the abstract of judgment with the San Diego County Recorder. (ECF No. 4, Exhibit B).  Plaintiff declares that Defendant has not made payments to him since 2018.  (ECF No. 4 at 6-7, hereinafter "Kelly Decl." at ¶ 3).

## II.    ASSIGNMENT ORDER

The execution of final judgments is governed by Federal Rule of Civil Procedure 69(a)(1).  Fed. R. Civ. P. 69.  Rule 69 requires a federal district court to apply the procedure for execution of judgments followed in the state where the court is located, except to the extent a federal statute is applicable. Fed. R. Civ. P. 69(a)(1).

In California, a judgment creditor may obtain an assignment order against a judgment debtor pursuant to California Code of Civil Procedure section 708.510(a), which provides:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor or to a receiver appointed pursuant to Article 7 (commencing with Section 708.610) all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments, including but not limited to the following types of payments:
> (1) Wages due from the federal government that are not subject to withholding under an earnings withholding order.
> (2) Rents.
> (3) Commissions.
> (4) Royalties.
> (5) Payments due from a patent or copyright.
> (6) Insurance policy loan value.

Cal. Code Civ. Proc. § 708.510(a).

Section 708.510(c) also permits the Court to consider four factors in determining whether to order an assignment:

> (1) The reasonable requirements of a judgment debtor who is a natural person and of persons supported in whole or in part by the judgment debtor.
> (2) Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.
> (3) The amount remaining due on the money judgment.
> (4) The amount being or to be received in satisfaction of the right to payment that may be assigned.

Cal. Code Civ. Proc. § 708.510(c)

### A.   **Proper Source of Payment**

The Court must first determine whether Plaintiff has identified proper

sources of payment for an assignment of rights. Plaintiff requests the Court assign rights to Defendant's 2020 state and federal tax refunds, and the 2021 Covid-19 Stimulus and 2021 Golden State Stimulus checks. (ECF No. 4 at 3). Plaintiff argues these are categorized as "including, but not limited to" wages due from the federal government that are not subject to withholding under an earnings withholding order. (*Id.* at 4). Plaintiff provides no legal authority to support his argument. (*See id.*).

Pursuant to California Code of Civil Procedure section 706.011(b), earnings "means compensation payable by an employer to an employee for personal services performed by such employee, whether denominated as wages, salary, commission, bonus, or otherwise." Cal. Code Civ. Proc. § 706.011(b). Stimulus checks are not compensation payable by an employee for an employee's personal services. As such, these cannot be considered wages or earnings.

Additionally, the Supreme Court has held that the term "earnings" in the Consumer Credit Protection Act (15 U.S.C. §§ 1672, 1673) did not include a tax refund because earnings and disposable earnings are limited to "periodic payments of compensation [that do] not pertain to every asset that is traceable in some way to such compensation." *Kokoszka v. Belford*, 417 U.S. 642, 651 (1974) (internal quotation marks and citation omitted). The Consumer Credit Protection Act defines earnings as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement plan." 15 U.S.C. § 1672(a). The definitions of earnings under the Consumer Credit Protection Act and California Code of Civil Procedure § 706.011 are similar enough for the Court to find that tax refunds are not considered earnings or wages under California Code of Civil

Procedure § 706.011 and § 708.510.  Accordingly, Defendant's 2020 tax refunds cannot be considered wages or earnings.

However, § 708.510 does not limit assignment orders to wages or earnings.  *See* Cal. Code Civ. Proc. § 708.510(a).  Section 708.510(a) specifically permits the judgment debtor to assign to the judgment creditor "all or part of a right to *payment*, . . . including but not limited to" types of payments like wages and earnings.  *See id.* (emphasis added).  According to Black's Law Dictionary, a payment is the "[p]erformance of an obligation by the delivery of money or some other valuable thing accepted in partial or full discharge of the obligation."  Black's Law Dictionary (11th ed. 2019).  The stimulus checks cannot be considered "payments" under this definition.  As a result, the stimulus checks are not a proper source of payment.

On the other hand, tax refunds are a type of overpayment under the Social Security Act and the Internal Revenue Code.  *Sorenson v. Secretary of Treas. of U.S.*, 475 U.S. 851, 859.  Tax refunds are also generally subject to levy.  *Id.* at 864 n.7 (noting that "once an individual has actually received his tax-refund payment, the proceeds of that refund, even if they reflect an earned-income credit component, are subject to levy"); *In re TMCI Elecs.*, 279 B.R. 552, 555 (Bankr. N.D. Cal. 1999) (stating the right to receive a tax refund is a general intangible, to which a security interest may attach once the debtor acquires rights in it).  Accordingly, tax refunds are subject to enforcement of a money judgment.  *See In re Egorov*, No. 13-02903-MM7, 2013 Bankr. LEXIS 5082, at * 6 (Bankr. S.D. Cal. Nov. 22, 2013) (finding that tax credits or tax refunds cannot be exempt under Cal. Code Civ. Proc. § 704.210).

B.  **Appropriateness of Assignment**

The Court next turns to California's assignment statute to determine

whether Plaintiff's request for an assignment of Defendant's 2020 state and federal tax refunds are appropriate.  Defendant did not oppose the instant motion and, therefore, the Court cannot fully consider "[t]he reasonable requirements of a judgment debtor . . . ." Cal. Code Civ. Proc. § 708.510(c)(1). However, the Court does find that it is reasonable to require a judgment debtor to satisfy the judgment against them.  Additionally, the remaining factors weigh in favor of ordering assignment.

First, Plaintiff declares that Defendant "is not required to make any other payments in satisfaction of other [j]udgments and [w]age [a]ssignments." (Kelly Decl. ¶ 9); *see* Cal. Code Civ. Proc. § 708.510(c)(2) ("Payments the judgment debtor is required to make or that are deducted in satisfaction of other judgments and wage assignments, including earnings assignment orders for support.").  Second, Defendant still owes $33,698.06 on the money judgment.  (Kelly Decl. ¶ 2); *see* Cal. Code Civ. Proc. § 708.510(c)(3) ("The amount remaining due on the money judgment."). Finally, although the Court and Plaintiff are unaware of the amount of money Defendant received from 2020 tax refunds, Plaintiff is only entitled to "the extent necessary to satisfy the money judgment." Cal. Code Civ. Proc. § 708.510(d).  As such, Plaintiff is only entitled to an assignment order of up to $33,698.06.  Cal. Code Civ. Proc. § 708.510(a) (explaining that the creditor may receive "all or part of a right to payment").

The Court also considers the fact that Defendant has not made payments on the judgment since 2018, is not employed and subject to a wage garnishment, and allegedly pays his expenses from a "defunct Corporate Bank account to pay [his] expenses." (ECF No. 4 at 3); (Kelly Decl. ¶ 3). Defendant also has allegedly concealed his true assets, requiring Plaintiff to "spend thousands of dollars in [c]ourt related expenses . . . , including

[m]otions for [s]upplemental proceedings, [a]dversary [b]ankruptcy proceedings, [and] service of subpoenas, etc. . . ." (Kelly Dec. ¶ 5).

After balancing these considerations, the Court finds that an assignment order is appropriate. Accordingly, the Court **RECOMMENDS** Plaintiff's motion for an assignment order be **GRANTED** with respect to Defendant's 2020 state and federal tax refunds and **DENIED** with respect to any stimulus checks received by Defendant.

### III.   RESTRAINING ORDER

California Code of Civil Procedure section 708.520 provides, in part, that "[w]hen an application is made pursuant to Section 708.510 or thereafter, the judgment creditor may apply to the court for an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned." Cal. Code Civ. Proc § 708.520(a). A court may issue a restraining order based on "a showing of need for the order." *Id.* §708.520(b). "The threshold for showing need is 'low.'" *SKAZZI3 Capital Ltd. v. Pathway Genomics Corp.*, No. 3:18-cv-00317-BEN-KSC, 2019 U.S. Dist. LEXIS 222644, at *7 (S.D. Cal. Dec. 20, 2019) (internal citation omitted). Any order restraining a judgment debtor must be personally served upon the judgment debtor and must contain notice to the judgment debtor that "the failure to comply with the order may subject the judgment debtor to being held in contempt of court." Cal. Code Civ. Proc. § 708.520(d).

It is reasonable to infer that Defendant will dispose of any payments he receives from his 2020 tax refunds without paying Plaintiff unless Defendant is restrained from doing so because he has not made payments on the judgment since 2018. For that reason, the Court **RECOMMENDS** the Court **GRANT** Plaintiff's motion for an order restraining a judgment debtor from

assigning or otherwise disposing of Defendant's 2020 state and federal tax returns and **DENY** Plaintiff's motion regarding any stimulus checks.

## IV. CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's motion for assignment order and order restraining judgment debtor be **GRANTED IN PART AND DENIED IN PART**.  Specifically, the Court **RECOMMENDS** Plaintiff's motion be **GRANTED** with respect to Defendant's 2020 state and federal tax refunds and **DENIED** with respect to any stimulus checks received by Defendant.

The Court **ORDERS** Plaintiff to personally serve Defendant or serve him by certified mail a copy of this Report and Recommendation and to file proof of personal service of this Report and Recommendation on Defendant.

**IT IS HEREBY ORDERED** that any written objection to this report must be filed with the court and served on all parties no later than **21 days after service of this Report and Recommendation on Defendant.**  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than **seven days after the filing of any objections or the deadline to file such objections**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:   September 30, 2021

_Mitchell D. Dembin_
Hon. Mitchell D. Dembin
United States Magistrate Judge