1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

GREGORY KELLY,

     Plaintiff/Judgment Creditor,

v.

RANDALL MARK HICKMAN,

     Defendant/Judgment Debtor.

Case No.:  3:21-cv-01226-BEN-MDD

**ORDER ADOPTING REPORT AND RECOMMENDATION PARTIALLY GRANTING AND PARTIALLY DENYING PLAINTIFF'S MOTION FOR ASSIGNMENT ORDER AND ORDER RESTRAINING JUDGMENT DEBTOR**

**[ECF No. 4, 10]**

On May 26, 2021, Plaintiff filed a Motion for Assignment Order and Order Restraining Judgment Debtor.  ECF No. 4.  Defendants did not file an opposition.

On September 30, 2021, Magistrate Judge Mitchell D. Dembin issued a thoughtful and thorough Report and Recommendation, recommending that this Court partially grant Plaintiff's motion for assignment order and order restraining judgment debtor.  ECF No. 10.  Magistrate Judge Dembin's analysis on California law provides specific and convincing reasons regarding the treatment of wages and stimulus checks under California law for purposes of satisfying a money judgment.  He concluded that while state and tax refunds are subject to an assignment order, stimulus checks, like those issued as a result of

1

the COVID-19 pandemic, are not.  Secondly, Magistrate Judge Dembin concluded an assignment order is appropriate in this matter as Defendant is not required to make payments in satisfaction of any other judgments or wage assignments and because Defendant has not made any payments on the subject judgment since 2018.  The Report and Recommendation ultimately recommended granting Plaintiff's motion for an assignment order as to the Defendant's 2020 tax refunds, but denying the motion with respect to any stimulus funds.  Regarding the restraining order, Magistrate Judge Dembin cited Defendant's failure to make payments on the judgment since 2018 and stated this creates a reasonable inference the Defendant will dispose of any payments received from his 2020 tax returns without paying Plaintiff.  Accordingly, he recommended granting Plaintiff's motion for an order restraining Defendant from assigning or otherwise disposing of money received from tax returns.  Neither party filed objections to the Report and Recommendation.

A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.  FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).  "[T]he district judge must determine *de novo* any part of the [report and recommendation] that has been properly objected to."  FED. R. CIV. P. 72(b)(3).  However, "[t]he statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo* if objection is made, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *see also Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).  "Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct."  *Reyna-Tapia*, 328 F.3d at 1121.

The Court need not conduct *de novo* review given the absence of objections.  The Court has considered and agrees with the Report and Recommendation.  Accordingly, the Court **ADOPTS** the Report and Recommendation.

CONCLUSION

The Court **GRANTS** the Motion with respect to Defendant's 2020 tax returns and **DENIES** the Motion with respect to stimulus checks received by Defendant.

**IT IS SO ORDERED.**

Dated: December 7, 2021

_____

**HON. ROGER T. BENITEZ**
United States District Judge

21-CV-01226-BEN-MDD