UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY KELLY,<br><br>　　　Plaintiff/Judgement Creditor,<br><br>v.<br><br>RANDALL MARK HICKMAN,<br><br>　　　Defendant/Judgement Debtor. | Case No.: 3:21-cv-01226-BEN-MMP<br><br>**ORDER GRANTING PLAINTIFF/JUDGMENT CREDITOR'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, SET ONE**<br><br>**[ECF No. 17]** |

　　　Pending before the Court is *pro se* Plaintiff/ Judgment Creditor Gregory Kelly's ("Plaintiff" or "Judgment Creditor") motion to compel Defendant/ Judgment Debtor Randall Mark Hickman ("Defendant" or "Judgment Debtor") to respond to post-judgment requests for production of documents. [ECF No. 17.] Defendant has not otherwise appeared or responded to the motion. For the reasons set forth below, the Court **GRANTS** the motion to compel Defendant to respond to Plaintiff's post-judgment document requests served August 28, 2022.

I.      BACKGROUND

    A.      Relevant Procedural Background[1]

Plaintiff filed a complaint in the United States District Court for the Southern District of New York on April 3, 2017, alleging that Defendant breached a contract between the parties. [ECF No. 4, Exhibit A.] Defendant was personally served with the summons and complaint on April 17, 2017, and a proof of service was filed with the Court on May 12, 2017. [ECF No. 4 at 17.] Despite proper service of the summons and complaint, Defendant did not appear and did not answer the complaint.

On July 24, 2017, the United States District Court for the Southern District of New York entered default judgment against Defendant for a total of $150,458.00. [ECF No. 4, Exhibit A.] On September 6, 2017, the United States District Court for the District of Nevada found further sums accrued since the entry of judgment in the amount of $3,238.93. The Court also found that Defendant had paid $120,000 towards the judgment, leaving a balance of $33,698.06. [ECF No. 21.]

The judgment was registered with this Court on March 22, 2021. [ECF No. 1.] On April 26, 2021, Plaintiff recorded the judgment with the San Diego County Recorder. [ECF No. 21.]

On May 26, 2021, Plaintiff filed a Motion for an Assignment Order and Order Restraining Judgment Debtor. [ECF No. 4.] On December 7, 2021, the Court adopted the Magistrate Judge's Report and Recommendation and granted the motion with respect to Defendant's 2020 tax return. [ECF No. 12.]

On January 16, 2023, Plaintiff filed a Motion for Assignment Order and Order Restraining Judgment Debtor related to Defendant's 2022 federal and state tax returns [ECF No. 16.] Three days later, Plaintiff filed the instant Motion to Compel. [ECF No. 17.]

---

[1] Unless noted otherwise, the relevant background is pulled from the Court's August 16, 2023 Order Granting Plaintiff's Motion for Assignment Order and Order Retraining Judgment Debtor, see ECF No. 21.

On August 16, 2023, the Court granted Plaintiff's Motion for an Assignment Order and ordered that Defendant is restrained from assigning or otherwise disposing of the right to payment stemming from his 2022 federal and state tax return. [ECF No. 21 at 4.]

**B.     Relevant Discovery Background**

On August 28, 2022, Plaintiff served Defendant via first-class mail with a set of post-judgment Demand for Production of Documents pursuant to Federal Rule[2] of Civil Procedure 69(a)(2) and California Code of Civil Procedure sections 708.030.[3] [ECF No. 17 at 3, ¶ 1; Declaration of Gregory Kelly ("Kelly Decl."), Exh. A, ECF No. 17-2.] The following day, Plaintiff also emailed Defendant a copy of the demand. [ECF No. 17 at 3, ¶ 2.] Plaintiff attests the deadline for responding to the document requests was October 5, 2022, but Defendant failed to respond. [*Id*. ¶ 3; Kelly Decl., ECF No. 17-1, ¶ 5.]

On January 9, 2023, Plaintiff contacted Defendant via email and telephone requesting a meet and confer. [ECF No. 17 at 3, ¶ 4; Kelly Decl., ECF No. 17-1, ¶ 7.] Plaintiff made two subsequent attempts to meet and confer with Defendant on January 11 and 13, 2023, but Defendant did not respond. [ECF No. 17 at 3, ¶ 6; Kelly Decl., ECF No. 17-1, ¶ 7.]

On January 19, 2023, Plaintiff filed this motion in accordance with Rule 37 seeking an order compelling Defendant to respond to Plaintiff's post-judgment document requests on the grounds that "Hickman has failed, without justification, to serve any response to these Demands and further refused to Meet and Confer with Plaintiff to avoid filing of this Motion." [ECF No. 17 at 2.] Citing California Code of Civil Procedure section 2031.300(a), Plaintiff contends Defendant's failure to respond amounts to a waiver under

---

[2] All further references to "Rule" are the Federal Rules of Civil Procedure.

[3] Although Plaintiff's motion to compel references Rule 34, he served the request for production of documents at issue pursuant to Federal Rule of Civil Procedure 69(a)(2) and California Code of Civil Procedure section 708.030. [*See* Kelly Decl., ECF No. 17-2, Exh. A.]

California law of any objections to the post-judgment document requests. [*Id*. at 4.] Plaintiff served a copy of the motion to compel and supporting documents on Defendant by mail. [ECF No. 18.]

## II.   APPLICABLE LAW

Rule 69(a) governs the execution of judgments in federal court and provides as follows:

> (1) **Money Judgment; Applicable Procedure**. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.
>
> (2) **Obtaining Discovery**. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the procedure of the state where the court is located.

Fed. R. Civ. P 69(a). "Even though Rule 69 discovery may resemble the proverbial fishing expedition, 'a judgment creditor is *entitled* to fish for assets of the judgment debtor.'" *Textron Fin. Corp. v. Gallegos*, No. 15CV1678-LAB (DHB), 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016) (quoting *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas,* 2009 WL 5114077, *4 (N.D. Cal. Dec. 19, 2009) (emphasis in original)).

Rules 69(a)(2) permits Plaintiff, as a judgment creditor, to obtain discovery under either the Federal Rules of Civil Procedure or the California Code of Civil Procedure. *See* Fed. R. Civ. P. 69(a)(2); *Entrepreneur Media, Inc. v. Smith*, No. 2:10-MC-55-JAM-EFB, 2013 WL 6185246, at *4 (E.D. Cal. Nov. 26, 2013). Plaintiff has sought post-judgment discovery by serving document demands on Defendant pursuant to California Code of Civil Procedure section 780.030. Under California law, "[a] judgment creditor may conduct discovery directly against the judgment debtor by means of a judgment debtor examination (§ 708.110), written interrogatories (§ 708.020), and requests for production of documents (§ 708.030)." *SCC Acquisitions, Inc. v. Superior Ct.*, 196 Cal. Rptr. 3d 533, 541 (Ct. App. 2015); *see also Lee v. Swansboro Country Prop. Owners Assn.*, 59 Cal. Rptr. 3d 924, 926–

27 (Ct. App. 2007) (recognizing California law permits a judgment creditor to obtain documents from a judgment debtor either by a discovery request for production or a subpoena duces tecum).

California Code of Civil Procedure section 708.030(a) provides in relevant part:

> The judgment creditor may demand that any judgment debtor produce and permit the party making the demand, . . . to inspect and to copy a document that is in the possession, custody, or control of the party on whom the demand is made in the manner provided in Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4, if the demand requests information to aid in enforcement of the money judgment.

Cal. Civ. Proc. Code § 708.030(a) (2023). This section also requires the judgment debtor to "respond and comply with the demand in the manner and within the time provided by Chapter 14 (commencing with Section 2031.010) of Title 4 of Part 4." *Id*. The California Court of Appeal has recognized this section is "unambiguous . . . If the document requested is 'in the possession, custody, or control of the party on whom the demand is made' and has 'information to aid in enforcement of the money judgment,' then the document is subject to discovery under section 708.030[.]" *SCC Acquisitions*, 196 Cal. Rptr. 3d at 542. Further, section 708.030(c) provides that "[i]nspection demands served pursuant to this section may be enforced to the extent practicable, in the same manner as inspection demands in a civil action." Cal. Civ. Proc. Code § 708.030(c) (2023).

California Code of Civil Procedure section 2031.300, in turn, provides in relevant part:

> If a party to whom a demand for inspection, copying, testing, or sampling is directed fails to serve a timely response to it, the following rules shall apply:
>
> (a) The party to whom the demand for inspection, copying, testing, or sampling is directed waives any objection to the demand, including one based on privilege or on the protection for work product under Chapter 4 (commencing with Section 2018.010). The court, on motion, may relieve that party from this waiver on its determination that both of the following conditions are satisfied:

      (1) The party has subsequently served a response that is in substantial compliance with Sections 2031.210, 2031.220, 2031.230, 2031.240, and 2031.280.

      (2) The party's failure to serve a timely response was the result of mistake, inadvertence, or excusable neglect.

Cal. Civ. Proc. Code § 2031.300(a) (2023). Thus, under California law, one's failure to respond to document requests waives any objection to the requests.

      Finally, under Federal Rule of Civil Procedure 37, upon notice, a party may move for an order compelling discovery after a good faith attempt to confer with the person failing to make disclosure or discovery. Fed. R. Civ. P. 37(a)(1).

## III.   DISCUSSION

      Plaintiff properly propounded post-judgment document requests on Defendant, as a judgment debtor, pursuant to Rule 69 and California Code of Civil Procedure section 780.030(a) on August 28, 2022. Defendant failed altogether to respond to the document requests. Plaintiff made numerous attempts to meet and confer with Defendant but received no response. Plaintiff has noticed this motion to compel and served it on Defendant. To date, Defendant has failed to oppose or otherwise respond to the motion. The Court finds Defendant waived any right to object and is thus compelled to respond to Plaintiff's post-judgment document requests. *See* Cal. Civ. Proc. Code § 2031.300(a) (2023); *see also Stellmacher v. Guerrero*, No. 210CV01357JAMCKD, 2020 WL 605883, at *2 (E.D. Cal. Feb. 7, 2020); *Meyer v. Sokoll*, No. 09 MISC 80043 SBAEDL, 2010 WL 135149, at *1 (N.D. Cal. Jan. 8, 2010).

//
//

1 | The Court therefore **GRANTS** Plaintiff's motion to compel and **ORDERS** Defendant/Judgment Debtor Randall Mark Hickman to respond, without objection, to Plaintiff's Post-Judgment Demand for Production of Documents served August 28, 2022 within 45 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  September 25, 2023

_____
Honorable Michelle M. Pettit
United States Magistrate Judge